IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| Steven Arkin, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
|   v. | )  No. 8:19-cv-1723-CEH-AEP |
| | ) |
| Smith Medical Partners, LLC | ) |
|  and H. D. Smith, LLC, | ) |
| | ) |
|       Defendants. | ) |
| | ) |
| **consolidated with** | ) |
| | ) |
| William D. Sawyer, M.D., Pressman, Inc., | ) |
| et al. v. Smith Medical Partners, LLC and | ) |
| H. D. Smith, LLC, No. 8:19-cv-02410 | ) |

### AMENDED FINAL APPROVAL ORDER[1]

This matter comes before the Court on Plaintiff Pressman, Inc.'s Motion in Support of Final Approval of Class Action Settlement (Doc. 87) and Plaintiff Pressman, Inc.'s Motion and Memorandum in Support of Award of Attorneys' Fees and Expenses to Class Counsel, and For an Incentive Award to the Class Representative (Doc. 83). On August 4, 2020, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the settlement between Plaintiff Pressman, Inc. ("Plaintiff"), on its own behalf and on behalf of the Settlement Class (as defined below), and Defendants Smith Medical Partners, LLC and H. D.

---

[1] This Amended Final Approval Order amends the Final Approval Order only to the extent that this Amended Final Approval Order provides that the Court approves Class Counsel's request for attorneys' fees in the total amount of $1,125,000.00, whereas the Final Approval Order provided that the Court approved Class Counsel's request for attorneys' fees in the total amount of $1,250,000.00. Doc. 97 at 7. By separate order, the Court granted Plaintiff Pressman, Inc.'s unopposed request to correct this error.

1

Smith, LLC ("Defendants"), as memorialized in the Settlement Agreement (the "Settlement Agreement").

On December 10, 2020, the Court held a fairness hearing (the "Final Approval Hearing"), for which members of the Settlement Class had been given appropriate notice and were invited to appear, including those with any objections. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order. Having considered the Parties' Settlement Agreement, Plaintiff's Memorandum in Support of Final Approval of the Class Action Settlement and all other evidence submitted, and good cause having been shown,

**IT IS HEREBY ORDERED**:

1. This Court has jurisdiction over the Parties, the members of the Settlement Class, and the claims asserted in this lawsuit.

2. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3. Pursuant to Federal Rule of Civil Procedure 23(e), the settlement of this action, as embodied in the terms of the Settlement Agreement, is approved as a fair, reasonable and adequate settlement of this case in the best interests of the Settlement Class, considering the factual, legal, practical and procedural considerations raised by this case. The Parties and their counsel shall implement and consummate the Settlement Agreement according to its terms and provisions. The Settlement Agreement is binding on and has *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings brought or maintained by or on behalf of Plaintiff

and all other Settlement Class Members who have not opted out of the Settlement. Any timely objections that were filed have been considered and are overruled. Accordingly, all members of the Settlement Class who have not opted out are bound by this Order finally approving the Settlement.

4. The following Settlement Class is now certified for purposes of settlement pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3): "All persons who were sent, by or on behalf of H. D. Smith, LLC or Smith Medical Partners, LLC, one or more advertisements by facsimile from September 26, 2013 through January 25, 2019." Excluded from the Settlement Class are Defendants, any parent, subsidiary, affiliate or controlled person of either Defendant, as well as the members, managers, officers, directors, agents, servants or employees of either Defendant, the immediate family members of such persons, and this Court.

5. The Court finds that certification solely for purposes of settlement is appropriate in that: (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff will fairly and adequately protect the interests of the class; (e) Phillip A. Bock/Bock Hatch & Oppenheim, LLC are adequate class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

6. After due consideration of, among other things: (a) the uncertainty about the likelihood of the Settlement Class's ultimate success on the merits; (b) the range of

3

the Settlement Class's possible recovery; (c) the complexity, expense and duration of the litigation; (d) the substance and amount of opposition to the settlement; (e) the state of proceedings at which the settlement was achieved; (f) all written submissions, declarations and arguments of counsel; and (g) after notice and hearing, this Court finds that the settlement is fair, adequate, and reasonable. As required by Rule 23 (e) (2), the Court finds that: (a) the class representative and class counsel have adequately represented the Settlement Class; (b) the proposed settlement was negotiated at arm's length; (c) the relief provided for the Settlement Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the Parties agreed to an effective method of distributing relief to the Settlement Class (direct notice by U.S. Mail and facsimile and a simple, one-page claim form with minimal and fair requirements); (iii) the Parties submitted copies of the signed Settlement Agreement; and (d) the proposed settlement treats class members equitably relative to each other. Accordingly, this Settlement Agreement is APPROVED and shall govern all issues regarding the settlement and all rights of the Parties, including the Settlement Class Members. Each Class Member (including any person or entity claiming by or through him, her or it) shall be bound by the Settlement Agreement, including being subject to the Releases set forth in the Settlement Agreement.

7. Pressman, Inc. is designated as representative of the Settlement Class.

## Class Notice

8. The Class Notice (as described in the Settlement Agreement) fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due

process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Action. The Court has approved the form of notice to the Settlement Class.

9. With respect to the Settlement Class, this Court finds that certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). Notice was given by facsimile and first-class U.S. Mail to each Settlement Class Member whose identity could be identified through reasonable effort. The Settlement Administrator posted the Settlement Agreement, the Preliminary Approval Order, the Class Notice, and the motions seeking attorney fees on the website www.smithtcpafaxsettlement.com.

10. Upon the Declaration of Michael E. Hamer of Heffler Claims Group, the Court finds that the notice was sent to the Class List by both U.S. Mail and by facsimile, and concludes that notice: (1) fully complied with the requirements of Federal Rule 23(c)(2)(B) and due process; (2) constituted the best notice practicable under the circumstances; (3) constituted notice that was reasonably calculated, under the circumstances, to apprise the members of the Settlement Class of the pendency of this Action, their right to object to or exclude themselves from the proposed Agreement and to appear at the Final Approval Hearing and (4) constituted due and sufficient notice to all persons entitled to notice of the settlement of this Action. The Court also finds that the Parties have satisfied the requirements of Federal Rule 23(e)(1).

### Objections and Opt-Outs

11. No objections were received by members of the class.[2]

---

[2] The Court notes that Plaintiff Dr. Steven Arkin and his counsel, Anderson + Wanca, moved for an award of attorneys' fees (Doc. 82), and therefore, oppose the final class action settlement to the extent it requests that all

5

12. No persons requested exclusion from the Settlement Class or the settlement.

## Class Compensation

13. Defendants have agreed to pay $4,500,000.00 into a settlement fund under the Court's jurisdiction and control (the "Settlement Fund") and make it available to pay approved class member claims, class action settlement administration costs, attorneys' fees, costs, and expenses, as determined and awarded by this Court. No portion of the Settlement Fund shall revert to Defendants.

14. As provided in the Settlement Agreement, each member of the Settlement Class who submitted a timely and valid Claim Form will be mailed a check for their *pro rata* share of the Settlement Fund, defined as one share per facsimile number appearing in the Class List. The Settlement Administrator shall mail checks in the appropriate amount to those claimants. Checks issued to the claiming Settlement Class members will be void 90 days after issuance and any amount from stale and voided checks shall be paid to those class members who did cash their checks. After a second distribution, any remaining money shall be paid as *cy pres* to Bay Area Legal Services.

## Releases

15. All claims or causes of action of any kind by Plaintiff and the Settlement Class Members who have not timely opted out or otherwise excluded themselves from the Settlement Class are forever barred and released pursuant to the terms of the

---

attorneys' fees be allocated to Bock, Hatch, Lewis & Oppenheim LLC (Doc. 89).

releases set forth in Section V of the Settlement Agreement.

16. This Action is dismissed with prejudice as to Plaintiff and all members of the Settlement Class, and without fees or costs except as provided for in the Settlement Agreement.

17. All claims or causes of action of any kind by any Settlement Class member or anyone claiming by or through him, her or it brought in this Court or any other forum (other than those by persons who have opted out of this action) are barred pursuant to the Releases set forth in the Settlement Agreement. All persons and entities are enjoined from asserting any claims that are being settled or released herein, either directly or indirectly, against Defendants, in this Court or any other court or forum.

## Award of Attorneys' Fees and Costs

18. The Court approves Class Counsel's request for attorneys' fees in the total amount of $1,125,000.00 and for out-of-pocket expenses of $23,176.74. Those amounts shall be paid from the Settlement Fund when the Final Judgment and Order becomes Final as those terms are defined in the Settlement Agreement. No incentive award is approved for the class representative. *See Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244 (11th Cir. 2020). No portion of the attorneys' fees shall be paid to non-class counsel, Anderson + Wanca. A separate Order will issue denying Plaintiff Arkin's Motion for Attorneys' Fees in the Event the *Pressman* Settlement Gains Final Approval (Doc. 82).

## Other Provisions

19. The Court expressly adopts and incorporates herein all the terms of the

Settlement Agreement.

20. The Parties to the Settlement Agreement shall carry out their respective obligations under that Agreement.

21. The Court retains continuing jurisdiction over this Action, Plaintiff, all members of the Settlement Class, and Defendants to determine all matters relating in any way to this Final Approval Order and Judgment, the Preliminary Approval Order, or the Settlement Agreement, including, but not limited to, their administration, implementation, interpretation, or enforcement.

22. Neither the Settlement Agreement, the Preliminary Approval Order, this Order finally approving the Settlement, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order, Order finally approving the Settlement), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendants, and shall not be offered or received in evidence in this or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or except as may be required by law or court order.

23. The Court finds that there is no just reason to delay the enforcement of this Final Approval Order and Judgment.

24. Plaintiff Pressman, Inc.'s Motion in Support of Final Approval of Class Action Settlement (Doc. 87) is **GRANTED**.

25. Plaintiff Pressman, Inc.'s Motion and Memorandum in Support of

Award of Attorneys' Fees and Expenses to Class Counsel, and For an Incentive Award to the Class Representative (Doc. 83) is **GRANTED** in part and **DENIED** in part. The motion is denied to the extent that no incentive award will be approved for the class representative. In all other respects the motion is granted.

26. This consolidated action is dismissed with prejudice.

27. The Clerk is directed to close these consolidated cases.

DONE AND ORDERED this 13th day of May, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
All parties of record including unrepresented parties if any